UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC., <br><br> Plaintiff, <br><br> vs. <br><br> POPSUGAR, INC., <br><br> Defendant. | CASE NO.  3:19-cv-00297-JSC <br><br> **JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER** <br><br> [Civil Local Rule 16-9] |

Plaintiff Adlife Marketing & Communications Company, Inc. ("Plaintiff") and Defendant POPSUGAR Inc. ("Defendant") jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the *Standing Order for All Judges of the Northern District of California* and Civil Local Rule 16-9.

1. **Jurisdiction & Service**

- This claim arises under the Copyright Act, 17 U.S.C. § 101 et seq.  The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and

**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**

1

   1338(a).

- The Court has personal jurisdiction over Defendant because Defendant resides in and/or transacts business in this district.
- Venue is proper in this district pursuant to 28 U.S.C. § 1400(a) because Defendant resides in and/or transacts business in this district.
- No parties remain to be served.

**2.     Facts**

**Plaintiff's Statement:**

Plaintiff is an advertising agency specializing in design, digital marketing, print advertising and photography.  Plaintiff's principal place of business is at 38 Church Street, Pawtucket, Rhode Island 02860.

Defendant is a foreign business corporation organized and existing under the laws of the State of Delaware, with a place of business 386 Park Avenue South, 9th Floor, New York, NY, 10016.  Defendant is a for-profit entity.

Defendant is a sophisticated global media and technology company with a significant Internet presence.  Defendant regularly exploits copyrighted materials as part of the ordinary course of its business and is, or at least should be, well-versed in the protections afforded to copyrighted materials, the scope, limitations and restriction on the use of, copyrighted materials, what constitutes copyright infringement, and the penalties for copyright infringement.

At all relevant times, Defendant has owned and operated a website at the URL: www.popsugar.com (the "Website").

Plaintiff owns all right, title and interest in and to a creative photograph of fish tacos (the "Photograph"). A true and correct copy of the Photograph is attached as Exhibit A to Plaintiff's Complaint.  The Photograph was registered with the United States Copyright Office on March 8, 2017 and was given registration number VA 2-046-924.

On or about March 1, 2017, Defendant ran an article on the Website titled "Go Meatless

   1338(a).

- The Court has personal jurisdiction over Defendant because Defendant resides in and/or transacts business in this district.
- Venue is proper in this district pursuant to 28 U.S.C. § 1400(a) because Defendant resides in and/or transacts business in this district.
- No parties remain to be served.

**2.     Facts**

**Plaintiff's Statement:**

Plaintiff is an advertising agency specializing in design, digital marketing, print advertising and photography.  Plaintiff's principal place of business is at 38 Church Street, Pawtucket, Rhode Island 02860.

Defendant is a foreign business corporation organized and existing under the laws of the State of Delaware, with a place of business 386 Park Avenue South, 9th Floor, New York, NY, 10016.  Defendant is a for-profit entity.

Defendant is a sophisticated global media and technology company with a significant Internet presence.  Defendant regularly exploits copyrighted materials as part of the ordinary course of its business and is, or at least should be, well-versed in the protections afforded to copyrighted materials, the scope, limitations and restriction on the use of, copyrighted materials, what constitutes copyright infringement, and the penalties for copyright infringement.

At all relevant times, Defendant has owned and operated a website at the URL: www.popsugar.com (the "Website").

Plaintiff owns all right, title and interest in and to a creative photograph of fish tacos (the "Photograph"). A true and correct copy of the Photograph is attached as Exhibit A to Plaintiff's Complaint.  The Photograph was registered with the United States Copyright Office on March 8, 2017 and was given registration number VA 2-046-924.

On or about March 1, 2017, Defendant ran an article on the Website titled "Go Meatless

Over Lent With These Fresh Fish Recipes." [See URL https://www.popsugar.com/food/photogallery/27905441/image/40245347/Blackened-Tilapia-Tacos-Red-Cabbage-Avocado-Crema.] Such article prominently featured the Photograph. A true and correct copy of the article and a screenshot of the Photograph as published in the article are attached to Plaintiff's Complaint as Exhibit C.

Defendant did not license the Photograph from Plaintiff for its article, nor did Defendant have Plaintiff's permission or consent to publish the Photograph on its Website. Defendant consequently infringed Plaintiff's copyright in the Photograph.

**Defendant's Statement:**

Defendant is a global media and technology company that delivers inspiring and informative multi-platform content relating to entertainment, fashion, beauty, fitness, parenting, food and health. Defendant is a Delaware corporation with its principal place of business at 111 Sutter Street, Floor 16, San Francisco, California, 94104. Plaintiff alleges that it is an advertising agency specializing in design, digital marketing, print advertising and photography. Upon information and belief, Plaintiff monetizes works of art acquired from photographers.

Plaintiff alleges that it is the copyright holder of a photograph of fish tacos that appeared in a post on Defendant's website (the "Photograph"), and that Plaintiff has at all times been the sole owner of all right, title and interest in and to the Photograph. Plaintiff further alleges that the Photograph was registered with the United States Copyright Office and given registration number VA 2-046-924.

Plaintiff asserts a claim for copyright infringement based on this Photograph.

**3.     Legal Issues**

**Plaintiff's Statement:**

Plaintiff's Complaint asserts a single claim for copyright infringement. The legal issues raised in this case by such claim are the following:

a.     Can Plaintiff establish the elements to prevail on its claim for copyright

infringement? To establish such claim, Plaintiff must establish that it owns a valid copyright and that Defendant copied the protected elements of the copyrighted work. [*Feist Pub. Inc. v. Rural Tel Serv. Co.*, 499 U.S. 340, 361 (1991); *Briggs v. Blomkamp*, 70 F.Supp.3d 1155, 1163 (N.D. Cal. 2014).]

      b.     If Plaintiff can establish its claim for copyright infringement, how much in damages should be awarded to Plaintiff?

**Defendant's Statement:**

Defendant POPSUGAR disputes Plaintiff's ability to establish liability. Defendant also intends to argue that any alleged use of Plaintiff's Photograph constitutes fair use. *See Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 577 (1994). Defendant POPSUGAR further disputes the appropriate forms and extent of relief Plaintiff seeks, including monetary damages, punitive damages, and attorneys' fees and costs.

**4.**     **Motions**

Plaintiff and Defendant may move for summary judgment on the issue of liability at or before the close of discovery.

**5.**     **Amendment of Pleadings**

The parties request that the Court set a deadline to seek amendment of the pleadings pursuant to Fed. R. Civ. P. 15 prior to the close of fact discovery.

**6.**     **Evidence Preservation**

The parties certify that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirm that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7.**     **Disclosures**

The parties shall exchange Rule 26(a) initial disclosures on or before May 31, 2019.

**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**
4

**8.     Discovery**

- No discovery has taken place to date.
- Plaintiff intends to discover (a) all information and documents pertaining to Defendant's acquisition, copying and posting of the Photograph; and (b) all information and documents relevant to Defendant's defenses and Plaintiff's damages claim.
- Defendant intends to take discovery regarding—among other things—(a) Plaintiff's ownership of the Photograph and (b) actual damages suffered by Plaintiff as a result of any alleged infringement of the Photograph.
- There are no proposed limitations or modifications of the discovery rules.
- The parties are discussing whether to agree to use the Court's Expedited Trial Procedure to resolve this case, which will modify the general rules applicable to discovery.
- The parties will enter into a stipulated ESI order consistent with the Northern District's model.  Such order will increase efficiency by articulating the parameters for review and production and will reduce the likelihood of future disputes.
- The parties agree that service of written discovery and other non-filed documents would be effective if served on the Parties via e-mail.  The Parties also agree that document productions shall be made, so far as practicable, in electronic, searchable format as requested, subject to the right of any party to inspect the original hard copies. The Parties shall continue to confer on protocols for production of electronically stored information.

There are no discovery disputes at this time.

**Discovery Plan**

- Last day to seek amendment of pleadings: July 31, 2019
- Completion of Fact Discovery:  October 31, 2019

**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**

5

- Disclosure of Expert Witnesses:  December 20, 2019
- Initial Exchange of Expert Witness Reports:  January 31, 2020
- Exchange of Rebuttal Expert Witness Reports:  February 28, 2020
- Completion of Expert Discovery:  March 31, 2020

**9.   Class Actions**

Not applicable.

**10.   Related Cases**

None.

**11.   Relief**

**Plaintiff's statement**:

Under 17 U.S.C. § 504(b), a copyright owner like Plaintiff is entitled to recover actual damages that take into account any lost licensing fees, diminution of the value of its copyright, and/or the profits, benefits, and advantages gained by an infringer like Defendant as a result of the infringement.  Plaintiff has not yet taken any discovery on damages issues so it is not yet able to quantify the amount of its damages.

**Defendant's statement**:

Defendant denies that POPSUGAR is liable for the alleged conduct or that Plaintiff is entitled to the damages it seeks.

**12.   Settlement and ADR**

Plaintiff has made a settlement demand which is being considered by Defendant.  No ADR efforts have been made thus far.  The Parties desire a mediation with a Magistrate Judge following the close of discovery.

**13.   Consent to Magistrate Judge for All Purposes**

Plaintiff does not consent.

**14.   Other References**

Not applicable.

**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**

6

**15.     Narrowing of Issues**

The Parties will attempt to enter into a statement of stipulated facts to be used at trial.

**16.     Expedited Trial Procedure**

At this time, the Parties do not agree to use the Court's Expedited Trial Procedure to resolve this case.

**17.     Scheduling**

The Parties propose the following pretrial and trial schedule:

- Completion of Fact Discovery:  October 31, 2019
- Disclosure of Expert Witnesses:  December 20, 2019
- Initial Exchange of Expert Witness Reports:  January 31, 2020
- Exchange of Rebuttal Expert Witness Reports:  February 28, 2020
- Completion of Expert Discovery:  March 31, 2020
- Deadline to file Motion for Summary Judgment: April 30, 2020
- Pretrial Conference:  August 13, 2020
- Trial:  September 14, 2020

**18.     Trial**

The Parties each have demanded a jury trial.  The Parties anticipate a trial of three full trial days.

**19.     Disclosure of Non-Party Interested Entities or Persons**

The disclosures on the docket remain accurate.  Defendant has filed a "Certification of Interested Entities or Persons" as required by Civil Local Rule 3-15, and restates here the content of the certification.  Defendant states that it has no parent corporation and that no publicly held corporation owns 10% or more of its stock.  There is no person or entity funding the defense of this case other than Defendant itself.

**20.     Professional Conduct**

The attorneys of record for the Parties have reviewed the Guidelines for Professional

**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**

7

Conduct for the Northern District of California and agree to comply with such guidelines. Attorney Richard Liebowitz originally filed this case and has acted as counsel, but he has yet to seek admission to this Court *pro hac vice*.

DATED: May 22, 2019                    THE AFFINITY LAW GROUP®

                                       By: /s/ Gregory P. Goonan
                                           Gregory P. Goonan
                                           Attorneys for Plaintiff
                                           Adlife Marketing & Communications Company, Inc.

DATED: May 22, 2019                    KEKER, VAN NEST & PETERS LLP

                                       By: /s/ Benedict Y. Hur
                                           Benedict Y. Hur
                                           Anna Porto
                                           Attorneys for Defendant
                                           POPSUGAR Inc.

Pursuant to Civil Local Rule 5-1(i)(3), all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

/s/ Gregory P. Goonan
Gregory P. Goonan

**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**
8

## CASE MANAGEMENT ORDER

The foregoing JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions.  [In addition, the Court makes the further orders stated below:]

**IT IS SO ORDERED.**

Dated:

_____
Hon. Lucy H. Koh
United States District Judge

**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**