EXHIBIT A

1  KEKER, VAN NEST & PETERS LLP
   BENEDICT Y. HUR - # 224018
2  bhur@keker.com
   ANNA PORTO - # 319903
3  aporto@keker.com
   633 Battery Street
4  San Francisco, CA 94111-1809
   Telephone:    415 391 5400
5  Facsimile:    415 397 7188

6  Attorneys for Defendant POPSUGAR INC.

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11 | ADLIFE MARKETING &                | Case No. 5:19-cv-00297-LHK
   | COMMUNICATIONS COMPANY, INC.,     |
12 |                                   | **AMENDED ANSWER TO COMPLAINT**
   |                 Plaintiff,         |
13 |                                   |
   |            v.                     |
14 |                                   | Judge:      Hon. Lucy H. Koh
   | POPSUGAR INC.,                    |
15 |                                   | Date Filed: January 17, 2019
   |                 Defendant.        |
16 |                                   | Trial Date: September 14, 2020
17

18

19

20

21

22

23

24

25

26

27

28

1338718

**PRELIMINARY STATEMENT**

Any admission herein is limited to the express language of the response, and shall not be deemed an implied admission of additional facts.  Defendant POPSUGAR INC. (POPSUGAR) need not admit or deny legal conclusions or arguments.  However, POPSUGAR affirmatively denies that is has any obligations owed to Plaintiff.  As a result, Plaintiff should be denied all the relief that it requests.  To the extent any headings in the Complaint contain allegations requiring a response, they are expressly denied.

**ALLEGATIONS**

1.     POPSUGAR admits that the Complaint asserts a claim for copyright infringement under the Copyright Act and that Plaintiff seeks monetary relief.  POPSUGAR denies that it is liable to Plaintiff for this claim.  POPSUGAR lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 1 and on that basis denies them.  To the extent that this paragraph sets forth a conclusion of law, no response is required.

2.     Paragraph 2 sets forth a conclusion of law to which no response is required.  To the extent a response is deemed to be required, POPSUGAR admits that the Northern District of California has subject matter jurisdiction.

3.     Paragraph 3 sets forth a conclusion of law to which no response is required.  To the extent a response is deemed to be required, POPSUGAR admits that it resides within the Northern District of California, to which this action has been transferred.  POPSUGAR denies that it resides in New York or that it is subject to personal jurisdiction in New York.

4.     Paragraph 4 sets forth a conclusion of law to which no response is required.

5.     POPSUGAR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5 and on that basis denies them.

6.     POPSUGAR admits that it is incorporated under the laws of Delaware.  POPSUGAR admits that it has an office at 386 Park Avenue South, 9th Floor, New York, New York.  POPSUGAR admits it is registered to do business in the State of New York.  POPSUGAR admits that it has owned and operated the website www.popsugar.com.  POPSUGAR lacks

1338718

knowledge or information sufficient to understand the phrase "all times material hereto" and on that basis denies any other allegation in Paragraph 6.

7.    POPSUGAR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 and on that basis denies them.

8.    POPSUGAR lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 and on that basis denies them.

9.    POPSUGAR admits that what appears to be a copy of a copyright registration certificate bearing the number VA 2-046-924 is appended to the Complaint.

10.    POPSUGAR admits that it published an article on its website titled *Go Meatless Over Lent With These Fresh Fish Recipes* that included a photograph of fish tacos.  POPSUGAR admits that what appears to be a screenshot of its website is appended to the Complaint. POPSUGAR denies all remaining allegations of paragraph 10.

11.    Paragraph 11 sets forth a conclusion of law to which no response is required.

12.    POPSUGAR incorporates by reference its denials to each and every allegation contained in Paragraphs 1-11.

13.    Paragraph 13 sets forth a conclusion of law to which no response is required.  To the extent a response is deemed to be required, POPSUGAR denies the allegations in Paragraph 13.

14.    Paragraph 14 sets forth a conclusion of law to which no response is required.  To the extent a response is deemed to be required, POPSUGAR denies the allegations in Paragraph 14.

15.    Paragraph 15 sets forth a conclusion of law to which no response is required.  To the extent a response is deemed to be required, POPSUGAR denies the allegations in Paragraph 15.

16.    Paragraph 16 sets forth a conclusion of law to which no response is required.  To the extent a response is deemed to be required, POPSUGAR denies the allegations in Paragraph 16.

1338718

## ANSWER TO PRAYER FOR RELIEF

POPSUGAR denies that Plaintiff is entitled to the requested judgment or any of the requested relief.

## AFFIRMATIVE DEFENSES

POPSUGAR asserts the following affirmative defense.  These defenses do not constitute an admission of liability or that Plaintiff is entitled to any relief whatsoever.  POPSUGAR reserves any and all rights it has under the Federal Rules of Civil Procedure to assert additional defenses and/or counterclaims as additional facts are learned or present themselves during discovery or otherwise during the course of these proceedings.

## FIRST AFFIRMATIVE DEFENSE

### (Fair use)

POPSUGAR's alleged conduct constitutes fair use, because, on information and belief, the purpose of the alleged infringement was for news reporting, the alleged use of the Photograph was as part of a series of photographs and thus was transformative, the Photograph had been published years prior to the alleged infringement, the alleged use of the Photograph was insubstantial, and the alleged publication had no impact on the market for the Photograph.

## SECOND AFFIRMATIVE DEFENSE

### (License)

POPSUGAR's alleged conduct is not infringing because POPSUGAR had a license to use the Photograph.  The Photograph's author and owner at the time, Malcolm Bedell (associated with FromAway), granted POPSUGAR a license on or before January 27, 2017, prior to the alleged infringement.

## JURY TRIAL

POPSUGAR demands a trial by jury on any claim so triable.

1338718

Dated:  July 31, 2019                                    KEKER, VAN NEST & PETERS LLP


                                      By:    /s/ Benedict Y. Hur
                                             BENEDICT Y. HUR
                                             ANNA PORTO

                                             Attorneys for Defendant POPSUGAR INC.

AMENDED ANSWER TO COMPLAINT
Case No. 5:19-cv-00297-LHK

1338718