UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> POPSUGAR INC., <br><br> Defendant. | Case No. 5:19-cv-00297-LHK <br><br> **FURTHER JOINT CASE MANAGEMENT STATEMENT** <br><br> [Civil Local Rule 16-10(d)] <br><br> Date:     August 28, 2019 <br> Time:    2:00 pm <br> Dept:    Courtroom 8 – 4th Floor <br> Judge:   Hon. Lucy H. Koh <br><br> Date Filed: January 17, 2019 <br><br> Trial Date: September 14, 2020 |

Pursuant to Civil Local Rule 16-10(d), Plaintiff Adlife Marketing & Communications Company, Inc. ("Plaintiff" or "Adlife") and Defendant POPSUGAR Inc. ("Defendant" or "POPSUGAR") jointly submit this Further Joint Case Management Statement.

**A.     Status of the Case**

*Defendant's Statement*

The complaint alleges a single cause of action for copyright infringement stemming from Plaintiff's allegations that it is the copyright holder of a photograph of fish tacos that appeared in a post on Defendant's website (the "Photograph"). Plaintiff has since stated in verified discovery responses that it has—at all times—been the sole owner of all right, title and interest in and to the Photograph, and that it is the author of the Photograph.

Third-party discovery in this case has proven otherwise. The Photograph posted on POPSUGAR's website credited a blog called "From Away." POPSUGAR subpoenaed the owner of the blog, Malcolm Bedell. Mr. Bedell has produced documents showing that he—not Plaintiff Adlife—is the author of the Photograph.

Before this case was transferred to this district, Mr. Richard Liebowitz filed this action in the Southern District of New York, where he files cases profusely. *See McDermott v. Monday Monday*, LLC, No. 17CV9230 (DLC), 2018 WL 5312903, at *1 (S.D.N.Y. Oct. 26, 2018) (noting Mr. Liebowitz has "filed over 700 cases" in a single district since 2016). Mr. Liebowitz, however, has ***not*** sought admission pro hac vice in this Court despite continuing his involvement in the present litigation. Courts in the Southern District of New York have commented on Mr. Liebowitz's questionable litigation tactics. *Otto v. Hearst Commc'ns, Inc.*, No. 17CV4712GHWJLC, 2019 WL 1034116, at *12 (S.D.N.Y. Feb. 21, 2019) (declining to impose sanctions but "strongly caution[ing] Liebowitz and his law firm to be mindful of overplaying their hands (or worse) during settlement negotiations"). Indeed, Mr. Liebowitz has been sanctioned several times, including since commencing this litigation. *Rice v. NBCUniversal Media, LLC*, No. 19-CV-447 (JMF), 2019 WL 3000808, at *1 (S.D.N.Y. July 10, 2019) ("[I]t is no exaggeration to say that there is a growing body of law . . . devoted to the question of whether and when to impose sanctions on Mr. Liebowitz."); *Craig v. UMG Recordings, Inc.*, 16-CV-5439

JPO, 2019 WL 2992043, at *1 (S.D.N.Y. July 9, 2019) (imposing sanctions "for the bad-faith filing of a motion"); *Romanowicz v. Alister & Paine, Inc.*, 17cv8937 (PAE) (KHP), ECF No. 24 (S.D.N.Y. June 22, 2018) (imposing sanction for failure to comply with order to file an affidavit of service of a Default Judgment); *Steeger v. JMS Cleaning Servs., LLC*, No. 17CV8013 (DLC), 2018 WL 1363497, at *1 (S.D.N.Y. Mar. 15, 2018) (upholding sanction for, *inter alia*, misrepresentations to the court and "costs needlessly imposed on the defendant," a "mom and pop office cleaning service").

In light of the representations in Adlife's complaint and discovery responses, POPSUGAR intends to seek an early motion for summary judgment, and it will seek attorneys' fees for having to defend against this baseless claim. *Domingo Cambeiro Prof'l Corp. v. Advent*, 211 F.3d 1273, 1275 (9th Cir. 2000) (unpublished) (awarding fees to prevailing defendant); *Latin Am. Music Co. v. Am. Soc'y of Composers, Authors & Publishers (ASCAP)*, 642 F.3d 87, 89 (1st Cir. 2011) (same); *16 Casa Duse, LLC v. Merkin*, 791 F.3d 247, 263 (2d Cir. 2015) (awarding fees to prevailing plaintiff seeking declaratory judgment of noninfringement).

*Plaintiff's Statement*

Nothing that has been revealed in discovery so far has changed the fundamental nature of this case: this is a straightforward case of copyright infringement where Defendant, a repeat offender who is a defendant in multiple copyright infringement cases currently pending in the Northern District of California, misappropriated a photograph owned by Plaintiff. At present, Plaintiff does not believe there is any merit to any of Defendant's affirmative defenses including its newly-added "license" defense.

Plaintiff's counsel is in the process of analyzing the documents produced by Mr. Bedell in discovery (which were just produced about two weeks ago). To date, Plaintiff's counsel's analysis of Mr. Bedell's documents (which is at an early stage) is contrary to the analysis by Defendant's counsel and has not revealed documents to support Defendant's defenses to Plaintiff's copyright infringement claim.

The citation by Defendant's counsel to orders in certain cases handled by Richard Liebowitz in New York obviously has been done to try to prejudice the Court against Plaintiff

and its counsel. Those cases have nothing to do with this case. Such tawdry tactics have no place in this litigation and should be ignored.

The fact that Mr. Liebowitz has filed over 700 copyright infringement cases (which are based on infringement of photographic works) in the past three years should be applauded rather than condemned. The volume of such filings reveals the massive amount of misappropriation and infringement of the works of photographers that occurs throughout the United States. The photographers whose works are being stolen and infringed are fortunate they have found a champion in Mr. Liebowitz. Certainly, it is ironic for Defendant to be critical of Mr. Liebowitz's conduct given that (as noted) Defendant (a large media company who should know better) is a repeat copyright infringer who currently is a defendant in multiple copyright infringement lawsuits pending in the Northern District of California involving the misappropriation and infringement of thousands of photographic images.

As noted by Defendant's counsel, Mr. Liebowitz originally filed this case in the Southern District of New York and the case then was transferred to this Court. Mr. Liebowitz is listed as one of the counsel of record because of the original filing in New York. He will not be seeking admission *pro hac vice*.

**B.     Joint Statement**

**1.     Pleadings**

Defendant amended its answer to Adlife's complaint on July 31, 2019, adding an affirmative defense based on a license Defendant received to the Photograph from the author of the photograph, Mr. Bedell.

**2.     Discovery**

The parties have begun written discovery. Defendant has served discovery on Plaintiff, to which Plaintiff has responded. There are deficiencies in Plaintiff's document production that the parties expect to resolve without the Court's intervention. Defendant issued a third-party subpoena on Mr. Bedell, and Defendant has produced the documents it obtained from Mr. Bedell in response to the subpoena.

Plaintiff is in the process of finalizing written discovery requests, which it intends to serve

on Defendant in the next week.

There are currently no discovery disputes requiring the Court's attention.

3.   **Pretrial and Trial Schedule**

The parties do not believe any changes need to be made to the pretrial and trial schedule ordered by the Court on May 28, 2019 (ECF 33).

4.   **Settlement and ADR**

No ADR efforts have been made thus far.   The parties are amenable to a settlement conference with a magistrate judge prior to trial.

DATED: August 21, 2019                              THE AFFINITY LAW GROUP®

By: /s/ Gregory P. Goonan
    Gregory P. Goonan
    Attorneys for Plaintiff
    Adlife Marketing & Communications Company, Inc.

DATED: August 21, 2019                              KEKER, VAN NEST & PETERS LLP

By: */s/ Benedict Y. Hur*
    BENEDICT Y. HUR
    ANNA PORTO

    Attorneys for Defendant POPSUGAR INC.

Pursuant to Civil Local Rule 5-1(i)(3), all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

/s/ Gregory P. Goonan
Gregory P. Goonan