Gregory P. Goonan (Cal Bar # 119821)
**THE AFFINITY LAW GROUP®**
5230 Carroll Canyon Road, Suite 230
San Diego, CA 92121
Telephone: (858) 412-4296
Facsimile: (619) 243-0088
Email: ggoonan@affinity-law.com

Attorneys for Plaintiff
Adlife Marketing & Communications Company, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC., <br><br>   Plaintiff, <br><br> vs. <br><br> POPSUGAR, INC., <br><br>   Defendant. | CASE NO.  3:19-cv-00297-LHK <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 41(a)(2) BY PLAINTIFF ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC.** <br><br> Date:  March 26, 2020 <br> Time:  1:30 p.m. <br> Court:  8 (San Jose) (Hon. Lucy H. Koh) <br><br> Trial Date: September 14, 2020 |

PRELIMINARY STATEMENT

Plaintiff Adlife Marketing & Communications Company, Inc. ("Plaintiff") brings this motion pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure and seeks dismissal of its complaint in this matter. As set forth in the express language of Rule 41(a)(2), dismissal under such rule normally is without prejudice. However, by this motion, Plaintiff seeks dismissal of this Complaint with prejudice.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 41(a)(2) BY PLAINTIFF ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC.**

1

This case is a copyright infringement case where Plaintiff has sued defendant Popsugar, Inc. ("Defendant") for publishing a copyrighted photograph (the "Photograph") owned by Plaintiff on a website operated by Defendant without Plaintiff's permission or consent.

As will be discussed below, Plaintiff obtained the Photograph in connection with a transaction with an individual named Malcolm Bedell whereby Plaintiff acquired a large portfolio of Mr. Bedell's photographs. Discovery in this case – specifically a subpoena from Defendant to Mr. Bedell-- revealed that Mr. Bedell had granted a license to Defendant to use the Photograph prior to Mr. Bedell's sale of his portfolio to Plaintiff.

Upon receiving Mr. Bedell's discovery, Plaintiff confirmed that Mr. Bedell had in fact licensed the Photograph to Defendant prior to selling his portfolio to Plaintiff. As explained in the Declaration from Joel Albrizio (Plaintiff's president), Plaintiff did not discover the license from Mr. Bedell to Defendant prior to filing this lawsuit because of administrative and clerical error.[1]

We regret that we have to burden the Court with this motion. As explained in the Declaration of Gregory P. Goonan filed under separate cover, upon confirming the license from Mr. Bedell to Defendant, Plaintiff requested that Defendant stipulate to dismiss this case with prejudice, the same relief sought by this motion. For reasons that have not been explained by defense counsel and which we still do not

---

[1] We note that Defendant itself apparently did not realize it had obtained a license from Mr. Bedell until it obtained Mr. Bedell's documents. As discussed herein, in its original Answer (ECF 23) to the Plaintiff's Complaint, Defendant admitted it published the Photograph and did not dispute Plaintiff's allegation that Defendant did not have a license, permission, or consent to publish the Photograph. Equally important, Defendant did not raise an affirmative defense of license in its original Answer or in the Joint Case Management Conference Statement in this case.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 41(a)(2) BY PLAINTIFF ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC.**

2

understand, Defendant refused to stipulate to dismissal of this case with prejudice but instead has forced Plaintiff to file this motion.[2]

The bottom line is that the license that Mr. Bedell granted to Defendant prior to selling his portfolio to Plaintiff is a complete defense to Plaintiff's copyright infringement claim. Consequently, there is no point to continued litigation of this case. Accordingly, the motion should be granted and this case should be dismissed with prejudice.

## BACKGROUND

Plaintiff initiated this case on November 26, 2018 in the Southern District of New York (later transferred to this Court), alleging a single count of copyright infringement based on unauthorized use of Plaintiff's Photograph. The Complaint alleges that Plaintiff is the copyright holder of the Photograph and that the Photograph was validly registered with the Copyright Office. [Complaint ¶¶ 7, 9.]

The Complaint alleges that Defendant ran an article on its website titled "*Go Meatless Over Lent With These Fresh Fish Recipes*" which prominently featured the Photograph. [Complaint ¶ 10.] The Complaint further alleges that Defendant did not license the Photograph from Plaintiff for its article, nor did Defendant have Plaintiff's permission or consent to publish the Photograph on its website. [Complaint ¶ 11.] As a result, Plaintiff sought actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph. [Complaint, Prayer for Relief.]

Defendant filed its original answer (the "Answer") on February 19, 2019 (ECF 23). In its Answer, Defendant admitted it published an article on its website titled

---

[2] Defense counsel has indicated that Defendant intends to seek an award of attorneys' fees and costs from Plaintiff. In connection with the request for a stipulation of dismissal with prejudice, Plaintiff offered to allow Defendant to reserve its right to file a motion for attorneys' fees but Defendant still would not agree to the stipulation for dismissal requested by Plaintiff.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 41(a)(2) BY PLAINTIFF ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC.**
3

"*Go Meatless Over Lent With These Fresh Fish Recipes*" that included the Photograph. [Answer ¶ 10.] Defendant did not dispute that Plaintiff's allegation that Defendant did not have a license, permission, or consent from Plaintiff to publish the Photograph on its website. [See Answer ¶ 11.] And critically, Defendant did not assert an affirmative defense of license in its original Answer. Similarly, Defendant did not make any mention of a license from Mr. Bedell in the Joint Case Management Statement filed in this case on May 22, 2019 (ECF 31).

On or about July 26, 2019 – over five months after it filed and served its original Answer -- Defendant served a subpoena on Mr. Bedell. [Declaration of Gregory P. Goonan ("Goonan Decl.") ¶ 8.] Mr. Bedell's responsive documents showed that he had granted a license to Defendant for the Photograph prior to selling his portfolio to Plaintiff. [Goonan Decl. ¶ 9.]

Upon receiving such documents, Defendant then filed an amended answer (the "Amended Answer") on July 31, 2019. [ECF 35.] By its Amended Answer, Defendant for the first time asserted the affirmative defense of license. With respect to its license defense, Defendant alleged that its "alleged conduct is not infringing because [Defendant] had a license to use the Photograph . . . The Photograph's author and owner at the time, Malcolm Bedell (associated with FromAway), granted [Defendant] a license on or before January 27, 2017, prior to the alleged infringement." [Amended Answer, Second Affirmative Defense.]

As explained in the Declaration of Joel Albrizio ("Albrizio Decl."), Plaintiff's president, Plaintiff had a good faith belief that Defendant had infringed Plaintiff's copyright in the Photograph when it filed this action. [Albrizio Decl. ¶¶ 5-6.] Significantly, there is no dispute that the Photograph is a copyrighted work owned by Plaintiff and that Defendant published the Photograph on its website without Plaintiff's permission or consent or a license from Plaintiff itself.

As Mr. Albrizio explains in his Declaration, Plaintiff was not aware that Mr. Bedell had granted a license to Defendant at the time Plaintiff filed this action. [Albrizio Decl. ¶ 8.] As explained by Mr. Albrizio, Plaintiff acquired the rights to the Photograph by an agreement entered into on or about January 27, 2017 (more than a year before Plaintiff filed its Complaint) with Mr. Bedell by which Plaintiff acquired the rights to several thousand copyrighted photographs from Mr. Bedell. [Albrizio Decl. ¶ 7.]

As a result of administrative oversight and clerical error, Plaintiff did not realize that Mr. Bedell had granted a license to Defendant until Mr. Bedell's document production. [Albrizio Decl. ¶ 8.] As noted above, Defendant likewise did not realize it was granted such license until Mr. Bedell's production.

Once Plaintiff reviewed its internal documents and confirmed the license from Mr. Bedell to Defendant, Plaintiff concluded that there was no point in continuing to litigate this case. Consequently, as explained above, Plaintiff requested that Defendant agree to a stipulation to dismiss this case with prejudice, and even offered to allow Defendant to reserve its right to seek an award of attorneys' fees and costs. [See Goonan Decl. ¶¶ 11-14.]

Unfortunately, Defendant would not agree to Plaintiff's requested stipulation. Therefore, Plaintiff has no choice but to bring this motion and seek dismissal of this case unilaterally pursuant to Rule 41(a)(2).

## ARGUMENT

### A.   The Legal Standard

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides in relevant part that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." [Fed.R.Civ.P. 41(a)(2).] The court "should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can

show that it will suffer some plain legal prejudice as a result." [*Smith v. Lenches,* 263 F.3d 972, 975 (9th Cir. 2001).]  "Legal prejudice does not result merely because a defendant will incur expenses in defending the litigation . . . ." [*Barry v. Shell Oil Co.,* No. 2:15-CV-00004 JWS, 2016 WL 5858625, at *2 (D. Alaska Oct. 5, 2016) (citing *id.*).]

B.   Discussion

"The existence of a license is an affirmative defense to a claim of copyright infringement and the burden of proof is ultimately on the party seeking to avoid infringement liability." [*Worldwide Church of God v. Philadelphia Church of God, Inc.*, 227 F.3d 1110, 1114 (9th Cir. 2000); *Sprengel v. Mohr*, No. CV-11-8742-MWF (SPX), 2012 WL 12893748, at *2 (C.D. Cal. Sept. 24, 2012).]

As discussed above, discovery in this case has educated the parties that Mr. Bedell granted a license for the Photograph to Defendant prior to selling his portfolio to Plaintiff in January 2017.  As explained, neither party was aware of the existence of such license until July 2019 when Mr. Bedell produced his documents.[3]

Given Mr. Bedell's license, Defendant has a complete defense to Plaintiff's claim of copyright infringement.  Consequently, there is no point in further litigation of this case and it should be dismissed pursuant to Rule 41(a)(2).  There will not be any "plain legal prejudice" to Defendant as a result of such dismissal.

Dismissal under Rule 41(a)(2) ordinarily is without prejudice. [Fed.R.Civ.P. 41(a)(2) ("Unless the order states otherwise, a dismissal under this paragraph (2) is

---

[3] As the party alleging and who would benefit from the existence of a license, Defendant has the burden to identify any license that it believes excuses its infringement. [*Oracle USA, Inc. v. Rimini St., Inc.*, 6 F.Supp. 3d 1108, 1116 (D. Nev. 2014), *order clarified sub nom. Oracle USA, Inc. v. Rimini St., Inc.*, No. 210-CV-00106-LRH-PAL, 2014 WL 5285963 (D. Nev. Oct. 14, 2014) (citing *Michaels v. Internet Entm't Group, Inc.*, 5 F.Supp.2d 823, 831 (C.D.Cal.1998)).]

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 41(a)(2) BY PLAINTIFF ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC.**

without prejudice".]  However, under the circumstances present here, Plaintiff seeks dismissal with prejudice.

## CONCLUSION

For the reasons discussed herein, Plaintiff requests that the Court grant this motion and enter an order dismissing this case with prejudice.

DATED: November 20, 2019        THE AFFINITY LAW GROUP

By:  /s/ Gregory P. Goonan
    Gregory P. Goonan
    Attorneys for Plaintiff
    Adlife Marketing & Communications Company, Inc.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 41(a)(2) BY PLAINTIFF ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC.**