Gregory P. Goonan (Cal Bar # 119821)
**THE AFFINITY LAW GROUP®**
5230 Carroll Canyon Road, Suite 230
San Diego, CA 92121
Telephone: (858) 412-4296
Facsimile: (619) 243-0088
Email: ggoonan@affinity-law.com

Attorneys for Plaintiff
Adlife Marketing & Communications Company, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC., <br><br> Plaintiff, <br><br> vs. <br><br> POPSUGAR, INC., <br><br> Defendant. | CASE NO. 3:19-cv-00297-LHK <br><br> **DECLARATION OF GREGORY P. GOONAN IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 41(a)(2) BY PLAINTIFF ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC.** <br><br> Date: March 26, 2020 <br> Time: 1:30 p.m. <br> Court: 8 (San Jose) (Hon. Lucy H. Koh) <br><br> Trial Date: September 14, 2020 |

**DECLARATION OF GREGORY P. GOONAN IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 41(a)(2) BY PLAINTIFF ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC.**

1

I, Gregory P. Goonan, state as follows for my declaration:

1. I am an attorney duly licensed to practice law in the State of California and before this Court. I am counsel of record for plaintiff Adlife Marketing & Communications Company, Inc. ("Plaintiff").

2. I offer this declaration in support of Plaintiff's motion to dismiss with prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

3. Unless otherwise indicated, I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently thereto.

4. Plaintiff initiated this case on November 26, 2018 in the Southern District of New York, alleging a single count of copyright infringement against defendant Popsugar, Inc. ("Defendant") based on an alleged unauthorized use of a photograph (the "Photograph") owned by Plaintiff. This case then was transferred from the Southern District of New York to this Court.

5. The Complaint alleges that Plaintiff is the copyright holder of the Photograph and that the Photograph was validly registered with the Copyright Office.

6. The Complaint further alleges that Defendant ran an article on its website titled "*Go Meatless Over Lent With These Fresh Fish Recipes*" which featured the Photograph.

7. Defendant filed its original answer (the "Answer") on February 19, 2019. Defendant did not assert an affirmative defense of license in its original Answer.

8. On or about July 26, 2019, Defendant served a subpoena on an individual named Malcolm Bedell. Plaintiff had acquired the rights to the Photograph from Mr. Bedell in January 2017 in connection with the sale by Mr. Bedell to Plaintiff of a portfolio of his photographs and images.

**DECLARATION OF GREGORY P. GOONAN IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 41(a)(2) BY PLAINTIFF ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC.**

2

9. Mr. Bedell's responsive documents showed that he had granted a license to Defendant for the Photograph prior to selling his portfolio to Plaintiff.

10. Defendant then filed an amended answer (the "Amended Answer") on July 31, 2019. By its Amended Answer, Defendant asserted the affirmative defense of license

11. Following receipt and review of Mr. Bedell's documents, Plaintiff reviewed its internal documents and confirmed the license from Mr. Bedell to Defendant. Plaintiff therefore concluded that there was no point in continuing to litigate this case given the license and authorized me to request that Defendant agree to a stipulation to dismiss this case.

12. Thereafter, I had a telephone conversation and some email correspondence with defense counsel to explore ways that this case could be resolved given the existence of the license.

13. During such communications, defense counsel indicated that Defendant wanted Plaintiff to agree to pay Defendant's attorneys' fees and costs in connection with a dismissal stipulation. I advised defense counsel that Plaintiff would not do so. Defense counsel advised that Defendant still intends to seek an award of attorneys' fees and costs from Plaintiff.

14. Ultimately, I offered that Plaintiff would agree to dismiss this case with prejudice and requested that Defendant stipulate to dismissal  In connection with the request for a stipulation of dismissal with prejudice, I even offered to allow Defendant to reserve its right to file a motion for attorneys' fees.

15. For reasons that have not been explained by defense counsel and which I still do not understand, Defendant refuses to stipulate to dismissal of this case with prejudice but instead has forced Plaintiff to file this motion, even after Plaintiff

1 offered to allow Defendant to reserve its right to seek an award of attorneys' fees and
2 costs.

3    16.   Therefore, Plaintiff has no choice but to bring this motion and seek
4 dismissal of this case unilaterally pursuant to Rule 41(a)(2).

I declare under the laws of the United States of America that the foregoing is true and correct. Executed on November 20, 2019 at San Diego, California.

*/s/ Gregory P. Goonan*
Gregory P. Goonan