WILLKIE FARR & GALLAGHER LLP
BENEDICT Y. HUR - #224018
bhur@willkie.com
JOSHUA ANDERSON - #312836
janderson@willkie.com
One Front Street, 34th Floor
San Francisco, CA 94111
Telephone:   415-858-7400
Facsimile:   415-858-7599

Attorneys for Defendant POPSUGAR Inc.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC.,<br><br>   Plaintiff,<br><br>vs.<br><br>POPSUGAR INC.<br><br>   Defendant. | Case No. 5:19-CV-00297-LHK<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT POPSUGAR INC.'S RESPONSE TO MOTION TO DISMISS**<br><br>Date:   March 26, 2020<br>Time:   1:30PM<br>Court:  8 (San Jose) (Hon. Lucy H. Koh)<br>Trial Date:   September 14, 2020 |

## I. INTRODUCTION

Rule 41(a)(2) permits the Court to dismiss this action on terms and conditions it considers proper. Popsugar files this opposition for the limited purpose of requesting that any dismissal order preserves Popsugar's right to seek attorney's fees in accordance with Federal Rule of Civil Procedure 54(d) and Civil Local Rule 54-5, as well as sanctions for the bad-faith litigation conduct of Plaintiff and its counsel.

Defendant Popsugar Inc. ("Popsugar") agrees that this case should be dismissed with prejudice. In fact, as Plaintiff's motion demonstrates, this case never should have been filed. Plaintiff admits Popsugar has a license to the photo at issue, and that Plaintiff possessed proof of Popsugar's license *before* instituting this action. Plaintiff claims, however, that it only discovered this proof after the July 2019 document production of the photographer, Malcolm Bedell, due to its own unidentified "administrative oversight and clerical error." Pl.'s Mem. 5. Plaintiff further asserts that it promptly sought dismissal of the action after learning of Popsugar's license.

Suffice it to say that Popsugar disagrees with the decidedly counterfactual narrative Plaintiff advances. Following Mr. Bedell's production, Plaintiff repeatedly denied the existence of Popsugar's license—even in representations made to this Court. Indeed, Plaintiff's counsel repeated this denial on November 7, 2019—*less than two weeks before filing the instant motion*. The denial came on the heels of *forty-six* requests for production and *twenty-three* interrogatories seeking a massive amount of information from Popsugar, including information to support Popsugar's license defense.

In short, contrary to its current narrative, Plaintiff litigated this case for months after it admits it knew it had no claim against Popsugar. Popsugar should be afforded the right to seek its fees and costs arising from this frivolous action.

## II. DISCUSSION

The underlying goal of Federal Rule of Civil Procedure 41(a)(2) is to protect defendants from prejudice. *Torrent v. Yakult U.S.A., Inc.*, No. SACV 15-00124-CJC(JCGx), 2018 WL 6156196, at *2 (C.D. Cal. Aug. 23, 2016) (citing *Westlands Water Dist. v. United States*, 100 F.3d 94, 94–98 (9th Cir. 1996)). Prejudice results where dismissal under Rule 41(a)(2) impedes the

32147660.1

defendant's right to move for attorney's fees as the prevailing party. *United States v. Ito*, 472 F. App'x 841, 842 (9th Cir. 2012); *Deckers Outdoor Corp. v. Romeo & Juliette, Inc.*, No. 2:15-cv-02812-ODW(CWx), 2016 WL 5842187, at *3 (C.D. Cal. Oct. 5, 2016) (finding defendant would be prejudiced by Rule 41(a)(2) dismissal without prejudice because defendant would lose the ability to seek attorney's fees).

Although Plaintiff paints Popsugar as unreasonable for withholding its consent to a stipulation of dismissal, the law is well established that such stipulations do not confer prevailing party status, and thus preclude an award of fees and costs. *E.g.*, *Gannaway Entm't Inc. v. Frankly Inc.*, No. 17-cv-04169-RS, 2018 WL 5310834, at *3 (N.D. Cal. May 10, 2018) (no prevailing party following stipulated dismissal); *Keith Mfg. Co. v. Butterfield*, 256 F. Supp. 3d 1123, 1132 (D. Or. 2017) (same) (citing *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 601 (2001)). Plaintiff points out that it offered to reserve Popsugar's right to move for attorney's fees following a stipulation, but the offer would not prevent prejudice to Popsugar. The ability to move for fees is meaningless if the movant is not the prevailing party.

Thus, in an abundance of caution, Popsugar requests that the Court dismiss the action with prejudice under Rule 41(a)(2) and thereby confer prevailing party status on Popsugar for purposes of seeking attorney's fees and costs. *See Red Eyed Jacks Sports Bar Inc. v. City of San Diego*, No. 14cv823-L (AGS), 2018 WL 4353149, at *1 (S.D. Cal. Sept. 12, 2018); *Shipping & Transit, LLC v. Hall Enters., Inc.*, No. CV 16-06525-AG-AFM, 2017 WL 3485782, at *2 (C.D. Cal. July 5, 2017); *Phillips v. P.F. Chang's China Bistro, Inc.*, No. 15-cv-00344-RMW, 2016 WL 3136925, at *3 (N.D. Cal. June 6, 2016); *Tainoapp, Inc. v. Amazon.com Inc.*, No. 15-cv-00101-JSW, 2015 WL 7015558, at *2 (N.D. Cal. Nov. 12, 2015).

### III. CONCLUSION

Popsugar respectfully requests that the Court dismiss Plaintiff's action with prejudice and thereby confer prevailing party status on Popsugar, while reserving the matter of attorney's fees, sanctions, and costs to be resolved pursuant to Federal Rule of Civil Procedure 54(d) and Local Rule 54-5.

32147660.1

DATED: December 4, 2019                    WILLKIE FARR & GALLAGHER, LLP.

                                           By:  */s/ Benedict Y. Hur*
                                                Benedict Y. Hur
                                                Attorneys for Defendant Popsugar Inc.

32147660.1

## PROOF OF SERVICE

I am employed in the City and County of San Francisco, State of California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Willkie Farr & Gallagher LLP, One Front Street, 34th San Francisco, CA 94111.

On December 4, 2019, I served the following document(s):

**DEFENDANT POPSUGAR INC.'S OPPOSITION OF MOTION TO DISMISS**

[X] by E-MAIL VIA PDF FILE, by transmitting on this date via e-mail a true and correct copy scanned into an electronic file in Adobe "pdf" format. The transmission was reported as complete and without error.

Executed on December 4, 2019, at San Francisco, California. I declare under penalty of perjury under the laws of the United States that the above is true and correct.

_____
Alejandra Franco Ramirez