1
2
3
4
5
6
7

8                            UNITED STATES DISTRICT COURT

9                          NORTHERN DISTRICT OF CALIFORNIA

10                                   SAN JOSE DIVISION

| | |
|---|---|
| ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC., | Case No. 5:19-cv-00297-LHK |
| Plaintiff, | **FURTHER JOINT CASE MANAGEMENT STATEMENT** |
| v. | [Civil Local Rule 16-10(d)] |
| POPSUGAR INC., | Date:      December 11, 2019<br>Time:      2:00 pm<br>Dept:      Courtroom 8 – 4th Floor<br>Judge:    Hon. Lucy H. Koh |
| Defendant. | Date Filed: January 17, 2019 |
| | Trial Date: September 14, 2020 |

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Pursuant to Civil Local Rule 16-10(d), Plaintiff Adlife Marketing & Communications Company, Inc. ("Plaintiff") and Defendant POPSUGAR Inc. ("Defendant") jointly submit this Further Joint Case Management Statement.

**A.     Status of the Case**

*Plaintiff's Statement*

On November 20, 2019, Plaintiff filed a motion to dismiss this case (the "Motion to Dismiss") in its entirety (ECF 45). The procedural history and factual basis for the Motion to Dismiss is set forth in the memorandum of points and authorities filed in support of the motion (ECF 45-1). The Motion to Dismiss is set for hearing on March 26, 2020.

*Defendant's Statement*

Today, Defendant has filed a response to the Motion to Dismiss. Defendant does not oppose the motion, but requests only that the Court determine that Defendant is the prevailing party for purposes of seeking costs and legal fees. This is an extraordinary action where Plaintiff brought a copyright infringement claim despite having proof that Popsugar had a license *before* filing suit. Plaintiff then continued to prosecute the claim even after being made further aware of that proof by a non-party's document production. Moreover, this is not the first time. Plaintiff's counsel Richard Liebowitz has repeatedly brought frivolous actions that unnecessarily strain the judicial system's scarce resources. Plaintiff, for its part, has previously asserted infringement claims despite the defendant's licenses, and its own employees have attested to Plaintiff's practice of asserting baseless claims. Popsugar intends to move for costs and fees shortly after adjudication of the Motion to Dismiss.

**B.     Joint Statement**

**1.     Discovery**

Written discovery by both parties and a deposition notice directed to Plaintiff's principal were pending at the time the Motion to Dismiss was filed. The parties agreed to put all pending discovery on hold given the filing of the Motion to Dismiss.

There are currently no discovery disputes requiring the Court's attention.

**2.**     **Pretrial and Trial Schedule**

At this time, the parties do not believe any changes need to be made to the pretrial and trial schedule ordered by the Court on May 28, 2019 (ECF 33).

**3.**     **Settlement and ADR**

No ADR efforts have been made thus far.

DATED: December 4, 2019                              THE AFFINITY LAW GROUP®

By:  /s/ Gregory P. Goonan
     Gregory P. Goonan
     Attorneys for Plaintiff
     Adlife Marketing & Communications Company, Inc.

DATED: December 4, 2019                              WILKIE FARR & GALLAGHER LLP

By:  */s/ Benedict Y. Hur*
     BENEDICT Y. HUR

     Attorneys for Defendant
     POPSUGAR INC.

Pursuant to Civil Local Rule 5-1(i)(3), all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

/s/ Gregory P. Goonan
Gregory P. Goonan