Gregory P. Goonan (Cal Bar # 119821)
**THE AFFINITY LAW GROUP®**
5230 Carroll Canyon Road, Suite 230
San Diego, CA 92121
Telephone: (858) 412-4296
Facsimile: (619) 243-0088
Email: ggoonan@affinity-law.com

Attorneys for Plaintiff
Adlife Marketing & Communications Company, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC., <br><br> Plaintiff, <br><br> vs. <br><br> POPSUGAR, INC., <br><br> Defendant. | CASE NO. 3:19-cv-00297-LHK <br><br> **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 41(a)(2) BY PLAINTIFF ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC.** <br><br> Date: March 26, 2020 <br> Time: 1:30 p.m. <br> Court: 8 (San Jose) (Hon. Lucy H. Koh) <br><br> Trial Date: September 14, 2020 |

Plaintiff Adlife Marketing & Communications Company, Inc. ("Plaintiff") submits this reply memorandum of points and authorities in further support of its motion to dismiss (the "Motion") pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

Defendant's Response to the Motion makes it crystal clear that Defendant's tactic in forcing Plaintiff to file the Motion has resulted in a colossal waste of time and a completely unnecessary imposition on the Court's valuable time and resources.

In its Response, Defendant urges that it supposedly could not just stipulate to a dismissal with prejudice as proposed by Plaintiff because such a stipulation would not allow Defendant to pursue a motion for attorneys' fees since it allegedly would not make Defendant the "prevailing party." That simply is not correct.

As set forth in Plaintiff's moving papers, even though Plaintiff does not believe there is any basis for a fee award to Defendant, Plaintiff nevertheless offered as part of its request for a stipulated dismissal with prejudice to allow Defendant to reserve its right to seek attorneys' fees. Even the cases cited by Defendant demonstrate that a dismissal with prejudice with a reservation of the right to seek a fee award would make Defendant the prevailing party and allow it to seek fees. [*See*, *e.g.*, *Red Eyed Jacks Sports Bar Inc. v. City of San Diego*, 2018 WL 4353149 (S.D. Cal. Sept. 12, 2018) ("Usually, when a suit is voluntarily dismissed with prejudice, it is "tantamount to a judgment on the merits . . . , which makes the defendant the prevailing party in the action." (citing *Zenith Ins. Co. v. Breslaw*, 108 F.3d 205, 207 (9th Cir. 1997), abrogated on other grounds by, *AMAE v. California*, 231 F.3d 572 (9th Cir. 2000)); *Phillips v. P.F. Chang's China Bistro, Inc.*, 2016 WL 3136925 (N.D. Cal. June 6, 2016) (accord, citing cases).]

The bottom line is that this Motion was completely unnecessary. If Defendant was concerned about being the prevailing party notwithstanding the foregoing authorities, the language of the dismissal stipulation could have been crafted to address Defendant's concerns. If Defendant believed a court order of dismissal was necessary, the parties could have requested such an order as part of the stipulation.

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 41(a)(2) BY PLAINTIFF ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC.**
2

THE AFFINITY LAW GROUP®
5230 Carroll Canyon Road, Suite 230
San Diego, CA 92121
(858) 412-4296

1 There simply was no reason or justification why Defendant forced Plaintiff to file this
2 Motion.

3 If, as is clear, Defendant could have pursued a motion for attorneys' fees had it
4 stipulated to dismissal, one must ask why did Defendant force Plaintiff to file this
5 Motion? The Response answers this question: Defendant forced Plaintiff to file this
6 Motion so it could use its "response" to disparage Plaintiff and its counsel in what
7 must be viewed as an attempt to pre-condition and prejudice the Court for
8 Defendant's upcoming fee motion.

9 Plaintiff and its counsel do not intend to further exacerbate the wastefulness of
10 this Motion by responding in detail to Defendant's baseless rhetoric or otherwise
11 engaging in a war of words with Defendant and its counsel. We note that it is ironic
12 (to be charitable) that Defendant is casting aspersions at Plaintiff and its counsel
13 given Defendant's track record of copyright infringement – a quick search on Pacer
14 reveals that Defendant is a serial infringer who has been sued for copyright
15 infringement at least 15 times (besides this case) in the past few years.

16 We also take strong exception to Defendant's accusation that Plaintiff's
17 counsel supposedly made misrepresentations to the Court about the existence of the
18 license. Such accusation is categorically untrue and it is shameful for Defendant to
19 make it – Plaintiff's counsel most definitely did not make any false representations to
20 the Court.

21 Far from being a "counterfactual narrative" (whatever that means), the
22 chronology of events in Plaintiff's moving papers is true and accurate. When this
23 case was first filed, neither Plaintiff nor Defendant itself realized that Bedell had
24 granted Defendant a license for the photograph at issue. One would have expected
25 that Defendant as the licensee would have known about the Bedell license – had it
26 advised Plaintiff about the license at the outset, this case never would have gone

27

28 **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 41(a)(2) BY PLAINTIFF ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC.**

3

forward. So Defendant should not be heard to criticize Plaintiff for the late discovery of the license.

As explained in Plaintiff's moving papers, the parties discovered the Bedell license following the Bedell document subpoena in August 2019. It is simply is not true that Plaintiff "litigated this case for months after it admits it knew it had no claim." On the contrary, once Plaintiff was able to confirm the license, it was <u>Plaintiff and its counsel</u> that initiated discussions to try to get this case resolved and then brought this Motion when Defendant would not cooperate.

Plaintiff will address Defendant's baseless accusations in detail in connection with any fee motion that may be filed by Defendant. Given that Defendant concedes that this case should be dismissed, Plaintiff respectfully asks the Court to grant this Motion.

DATED: December 11, 2019  THE AFFINITY LAW GROUP

By: /s/ Gregory P. Goonan
Gregory P. Goonan
Attorneys for Plaintiff
Adlife Marketing & Communications Company, Inc.

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FRCP 41(a)(2) BY PLAINTIFF ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC.**

4