UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADLIFE MARKETING & COMMUNICATIONS COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> POPSUGAR, INC., <br><br> Defendant. | Case No. 19-CV-00297-LHK <br><br> **ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS WITH PREJUDICE** <br><br> Re: Dkt. No. 45 |

Before the Court is Plaintiff Adlife Marketing & Communications Company, Inc.'s ("Plaintiff") motion to dismiss with prejudice Plaintiff's own complaint alleging copyright infringement against Defendant Popsugar, Inc. ("Defendant").  ECF No. 45-1 ("Mot."); *see also* ECF No. 1 ("Compl.").  For the foregoing reasons, the Court GRANTS Plaintiff's motion to dismiss the complaint with prejudice.

## I.   INTRODUCTION

On November 25, 2018, Plaintiff filed a complaint in the United States District Court for the Southern District of New York and alleged that Defendant infringed Plaintiff's copyright to a "photograph of fish tacos."  Compl. ¶ 1.  Plaintiff allegedly acquired this photograph in a "large portfolio" of photographs from Mr. Malcolm Bedell.  Mot. at 2.

1

On January 17, 2019, the instant case was transferred to the United States District Court for the Northern District of California. ECF No. 13. On February 19, 2019, Defendant answered the complaint, but did not assert a license defense. ECF No. 23. In a May 22, 2019 Joint Case Management Statement, Defendant also did not assert a license defense. ECF No. 31.

However, some time during discovery, Defendant learned that it was licensed and amended its answer on July 31, 2019 to assert a license defense. ECF No. 35. In the parties' August 21, 2019 Joint Case Management Statement, Defendant raised a license defense, but Plaintiff noted that it "d[id] not believe there [was] any merit to any of Defendant's affirmative defenses, including its newly-added 'license' defense." ECF No. 36 at 2.

However, according to Plaintiff, during discovery, Plaintiff learned that "Mr. Bedell had granted a license to Defendant to use the [photograph of fish tacos] prior to Mr. Bedell's sale of his portfolio to Plaintiff." *Id.* Accordingly, Plaintiff determined that Defendant had a complete defense to copyright infringement and that "there was no point in continuing to litigate this case." *Id.* at 5-6; *see also Worldwide Church of God v. Philadelphia Church of God, Inc.*, 227 F.3d 1110, 1114 (9th Cir. 2000) ("The existence of a license creates an affirmative defense to a claim of copyright infringement.").

As a result, Plaintiff requested that Defendant "agree to a stipulation to dismiss this case with prejudice, and even offered to allow Defendant to reserve its right to seek an award of attorneys' fees and costs." Mot. at 5. However, Defendant did not agree to a stipulation because Defendant sought to obtain prevailing party status in order to pursue an award of fees and costs. ECF No. 46 at 3 ("Opp.").

Therefore, on November 20, 2019, Plaintiff filed the instant motion requesting that the Court dismiss the instant case pursuant to Rule 41(a)(2) of Federal Rules of Civil Procedure and further requesting that the dismissal be with prejudice. Mot. at 1, 5-6. On December 4, 2019, Defendant filed an opposition "for the limited purpose of requesting that any dismissal order preserves [Defendant's] right to seek attorney's fees." Opp. at 2. On December 12, 2019, Plaintiff filed a reply. ECF No. 52 ("Reply").

Case No. 19-CV-00297-LHK
ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS WITH PREJUDICE

## II. DISCUSSION

"A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). Here, both parties' briefing requests the same result—that the Court dismisses Plaintiff's complaint with prejudice. *See* Opp. at 3 ("[Defendant] respectfully requests that the Court dismiss Plaintiff's action with prejudice and thereby confer prevailing party status on [Defendant] . . . ."); Mot. at 1 ("Plaintiff seeks dismissal of this Complaint with prejudice."). Thus, because the matter is undisputed, the Court concludes that Defendant will not suffer any prejudice from a dismissal of Plaintiff's complaint.

Indeed, the only issues that the parties dispute are (1) the facts surrounding Plaintiff's discovery of Defendant's license to the disputed photograph; and (2) whether a stipulation could have granted Defendant "prevailing party status" and preserved Defendant's ability to pursue attorney's fees and costs and rendering this entire motion unnecessary. *Compare* Opp. at 2-3 *with* Reply at 2-4. These two disputes, however, have no bearing on whether this Court should grant Plaintiff's current motion to dismiss the complaint with prejudice.

Specifically, the facts leading up to Plaintiff's discovery of Defendant's license to the photograph does not change Defendant's defense to copyright infringement. Furthermore, whether the parties could have stipulated to grant Defendant "prevailing party status" is likewise irrelevant now that Plaintiff has filed the instant motion to dismiss with prejudice, as granting such a motion with prejudice would undoubtedly confer prevailing party status on Defendant. *See Cadkin v. Loose*, 569 F.3d 1142, 1150 (9th Cir. 2009) ("[A] defendant is a prevailing party following dismissal of a claim if the plaintiff is judicially precluded from refiling the claim against the defendant in federal court."); *Phillips v. P.F. Chang's China Bistro, Inc.*, No. 15-CV-00344-RMW, 2016 WL 3136925, at *3 (N.D. Cal. June 6, 2016) ("Plaintiff's voluntary dismissal with prejudice [under Rule 41(a)(2)] . . . confers prevailing party status upon defendant because it operates as a judgment upon the merits and materially alters the parties' legal relationship by barring plaintiff from re-filing the claim against defendant in federal court." (collecting cases)).

In fact, both issues speak more to the parties' conduct during the course of litigation rather than to any issue at hand. Accordingly, the Court need not address these two issues further, and thus, the Court GRANTS Plaintiff's motion to dismiss with prejudice.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion to dismiss with prejudice.

The Court would like to refer the parties to a telephonic settlement conference with United States Magistrate Judge Nathanael Cousins to resolve the attorney's fees issue. The parties shall file a joint statement by April 2, 2020 as to whether they are willing to engage in such a settlement conference. If the parties are not amenable to such a settlement conference, then the Court orders the parties to engage in direct settlement negotiations at least 21 days before the filing of a motion for attorney's fees and to file a declaration, specifying when and how long they engaged in settlement negotiations, with the motion for attorney's fees.[1]

**IT IS SO ORDERED.**

Dated: March 26, 2020

Lucy H. Koh

LUCY H. KOH
United States District Judge

---

[1] If the parties litigate attorney's fees, counsel for both parties must file declarations as to what due diligence they conducted to determine whether Defendant was licensed, when and how they discovered Defendant was licensed, and why Defendant's license was not discovered sooner. In addition, Defendant should address why it is entitled to attorney's fees before July 31, 2019, when Defendant first asserted a license defense. Plaintiff should address why Plaintiff continued to litigate this non-meritorious case after Defendant asserted a license defense. *See, e.g.*, ECF No. 36 at 2 ("Plaintiff d[id] not believe there [was] any merit to any of Defendant's affirmative defenses, including its newly-added 'license' defense.").

United States District Court
Northern District of California